# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JANICE BOGARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | 17-cv-02705-JTF-tmp |
| HILTON WORLDWIDE, SERVICE ) | |
| MASTER BY STRATOS, SHELIA ) | |
| DUNN, TINA STEEL, and BRUCE ) | |
| SALISBURY, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

On September 22, 2017, *pro se* plaintiff Janice Bogard filed a complaint under the Age Discrimination in Employment Act of 1967 ("ADEA"). (ECF No. 1.) On the same day, Bogard also filed a motion for leave to proceed *in forma pauperis*, which the court granted on September 26, 2017. (ECF Nos. 2, 7.) Pursuant to Administrative Order 2013-05, this case has been assigned to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation as appropriate.

For the reasons stated below, the undersigned recommends pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) that the court dismiss Bogard's complaint against defendants Shelia Dunn, Tina Steel, and Bruce Salisbury, and direct Bogard to file an amended

complaint within 30 days as to defendants Hilton Worldwide and Service Master by Stratos.

## I. PROPOSED FINDINGS OF FACT

In Bogard's complaint, she has checked boxes indicating that she is bringing suit pursuant to the ADEA and that she is alleging discrimination in the form of failure to hire, termination of employment, unequal terms and conditions of employment, and retaliation. (ECF No. 1 at 1, 3.) Bogard has not stated any facts to support her claim. The only facts available in the complaint are in two attachments — Respondent's Position Statement letters that defendants Hilton Worldwide ("Hilton") and Service Master by Stratos ("Service Master") sent to the Equal Employment Opportunity Commission ("EEOC") concerning an EEOC investigation of racial discrimination and retaliation claims that Bogard had made. (ECF No. 1 at 4, No. 1-2 at 2-9, No. 1-4 at 2-5.) On June 22, 2017, the EEOC issued Bogard two Right to Sue Letters allowing her to sue Hilton and Service Master. (EFC Nos. 1-1, 1-3.) Bogard seeks an unspecified amount of back pay and compensatory damages. (Id. at 6.)

## II. PROPOSED CONCLUSIONS OF LAW

**A. Standard of Review**

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion

thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415

F. App'x 608, 613 (6th Cir. 2011); <u>Payne v. Sec'y of Treas.</u>, 73 F. App'x 836, 837 (6th Cir. 2003).

**B. Failure to State a Claim**

Bogard has not provided facts upon which the court could rely to grant relief. As discussed, Bogard must allege "sufficient factual matter . . . to state a claim." <u>Hill</u>, 630 F.3d at 470-71 (quotations omitted). In Bogard's complaint, she merely checked boxes indicating that her claim is based upon age discrimination, but in the fact section she provided no information, instead directing the court to examine certain attachments to her complaint. (ECF No. 1 at 4.) These attachments are, presumably, the letters that Hilton and Service Master sent to the EEOC, in which both defendants deny discriminating against Bogard. (ECF Nos. 1-2, 1-4.) Hilton's and Service Master's letters suggest that the investigation the EEOC performed was limited to instances of alleged racial discrimination and retaliation. (ECF No. 1-2 at 3, No. 1-4 at 4.) Consequently, it would be unreasonable for the court to derive facts to support allegations of age discrimination from letters in which defendants deny that they engaged in racial discrimination. <u>See generally</u> <u>Iqbal</u>, 556 U.S. at 678. Rather than dismissing this claim, the undersigned recommends that the court order Bogard to amend her complaint to include a factual

description of the events that serve as the basis for her claim against Hilton and Service Master.

Bogard has failed to demonstrate that defendants Shelia Dunn, Tina Steel, and Bruce Salisbury are liable under the ADEA. According to Hilton's and Service Master's letters, Shelia Dunn was a Hilton employee, and Bruce Salisbury was a contractor from Accounttemps working at Hilton Corporate Offices. (ECF No. 1-2 at 4-7, No. 1-3 at 2-3.) There is nothing in the complaint or its attachments that identifies Tina Steel. The ADEA and other similar statutes, such as Title VII, provide plaintiffs with the ability to sue their employers; however, the statutes do not cover supervisors or other employees, much less individuals unaffiliated with a plaintiff's employer. Wathen v. Gen. Elec. Co., 115 F.3d 400, 404-05, 404 n.6 (6th Cir. 1997) (holding that individual employees and supervisors do not qualify as an employers under Title VII and noting that the logic of this holding extends to the ADEA); Tennial v. United Parcel Serv., Inc., No. 213CV02277JTFTMP, 2015 WL 13022010, at *3 (W.D. Tenn. Nov. 12, 2015), aff'd, 840 F.3d 292 (6th Cir. 2016). The allegations in the complaint do not plausibly demonstrate that any of the three individuals named in the complaint were ever Bogard's employers and, thereby, subject to liability under the ADEA. For that reason, the undersigned recommends that the

court dismiss the complaint against Shelia Dunn, Tina Steel, and Bruce Salisbury.

### III. RECOMMENDATION

For the reasons stated above, the undersigned recommends pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) that the court dismiss the complaint against Shelia Dunn, Tina Steel, and Bruce Salisbury, and direct Bogard to file an amended complaint within 30 days as to defendants Hilton and Service Master. Upon the filing of this amended complaint, the undersigned will screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

October 3, 2017
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**